[Civ. No. 14803.   Second Dist., Div. Three.   Sept. 25, 1945.]

PETROLEUM MIDWAY COMPANY (a Corporation), Appellant, v. FRED E. ZAHN et al., Respondents.

Owen E. Kupfer, Baldwin Robertson and Merrill Brown for Appellant.

Burke Mathes for Respondents.

FOX, J. pro tem.—Plaintiff appeals from a judgment that it "recover nothing from the defendant Petroleum Production Company."

According to plaintiff's amended complaint, the defendants had agreed to buy from the plaintiff two producing oil wells, with accompanying lease and equipment, for $40,000—one-half to be paid in cash and the other half by the transfer of stock. Only $11,000 had been paid. During the course of their defense the defendants put on four expert witnesses to prove the value of the oil property in question, apparently on the theory that such value was material to a defense of failure of consideration. Generally speaking, the value placed on the property by these four witnesses was something over $13,000. A stipulation was then entered into that the court might appoint "a disinterested person as the court's appraiser for the purpose of appraising and giving the fair market value of leasehold, the two wells and the equipment in the bill of sale described as of July 18, 1941." The stipulation provided, in part, "That judgment shall be entered in favor of the plaintiff and against the defendant Petroleum Production Corporation only for any difference that may exist, if any, between the fair market value as determined by the Court upon said appraisal and the sum of $11,000.00 heretofore received by the plaintiff, without interest to date of judgment;

"That in the event that the fair market value of said property shall be determined to be the sum of $11,000.00 or less as of July 18, 1941, then judgment shall be entered in favor of the defendant Petroleum Production Corporation, that plaintiff takes nothing." It was also stipulated, "That all attachments heretofore levied against the property of the Petroleum Production Corporation continues to remain in full force and effect until either: (1) Any judgment that may be rendered in favor of the plaintiff is paid and satisfied or (2) Judgment is rendered in favor of the defendant and against the plaintiff as hereinabove set forth. . . ." Provision was then made for the dismissal of defendant Zahn's cross-complaint.

The final paragraph of the stipulation reads as follows: "It is further stipulated that an order may be made forthwith by the Court directing that neither any parties to this action now any of its attorneys, agents, employees or representatives contact either directly or indirectly said appraiser; that no

communications shall be had by any of the parties to this action, their attorneys, agents, or representatives with said appraiser except in the presence of the Court and both parties being represented.'' (The entire stipulation is quoted in the opinion on the former appeal of this case, 62 Cal.App.2d 645, at pp. 647-8 [145 P.2d 371].) After the parties had expressed their assent to the terms of the stipulation the court said, ''It will be so ordered and judgment will be entered in accordance with the stipulation. . . . I want to thank you gentlemen for working this matter out. I assume it is worked out. At least, there will be a judgment entered.''

Pursuant to said stipulation the court appointed F. A. Graser to make the said appraisal. He fixed the fair market value of the leasehold, the two wells and the equipment, as of July 18, 1941, at $4,923. Judgment was accordingly entered that plaintiff take nothing since the said value of the property was determined to be less than $11,000. An appeal was taken and the judgment reversed because the court entered said judgment without the filing of findings of fact, the same not having been waived. (*Petroleum Midway Co.* v. *Zahn* (1944), 62 Cal.App.2d 645 [145 P.2d 371].)

Thereafter, the court made findings of fact and found that the fair market value of the said property as of July 18, 1941, was $4,923, which was the exact amount the court's appraiser, Mr. Graser, had arrived at in his report. The court thereupon rendered a second judgment that plaintiff ''recover nothing from the defendant Petroleum Production Company.'' It is from this latter judgment that plaintiff prosecutes this appeal.

Plaintiff contends that the appraisal report of Mr. Graser could not properly be considered by the trial court as it was prepared in violation of the stipulation and that in the absence of that report there is no evidence to support the finding of the fair market value of the property. Plaintiff also contends that it was improperly deprived of an opportunity to cross-examine Mr. Graser and hence did not have a fair trial.

A note to the Graser report reads: ''Mr. Cole now employed with Petroleum Production Co. (defendant) and formerly employed by Petroleum Midway Co. (plaintiff) reported to Mr. Graser that the plug is now at 3400'. The first plug to 3570' shut off bottom water and the plug from 3570'

to 3404' excluded a bad running sand." As pointed out in the opinion on the previous appeal (p. 653), "Conversing with Mr. Cole was a plain violation of the spirit of that provision of the stipulation which agreed that the court was to make an order forbidding the employees to 'contact either directly or indirectly said appraiser,' . . ." It was also a plain violation of the further provision of the stipulation "that no communications shall be had by any of the parties to this action, their attorneys, agents, or representatives with said appraiser except in the presence of the Court and both parties being represented." It is perfectly natural that the parties should desire some protection against the employees of either side furnishing information to the appraiser which he might take into consideration in arriving at his conclusions. Such "information" might be inadvertently erroneous or deliberately so. Hence the provision that the appraiser should not be contacted "either directly or indirectly" and that no communication should be had with him "except in the presence of the Court and both parties being represented." If there was to be any information furnished the appraiser by anyone representing either of the parties, the other obviously was entitled to know what it was and thus have an opportunity to check it and verify it. Otherwise, the foundation of fairness inherent in an appraisal made by an appraiser appointed by the court is upset. Under such a stipulation as we have here the parties ought not be bound by an appraisal made in violation of the provisions thereof. To hold that they were bound would, in effect, be to modify the stipulation on a point that had been specifically covered by them. This the court has no right to do. The parties, by their stipulation, had limited the issues of fact to be tried to only one, viz., the fair market value of the property in question. (*Petroleum Midway Co.* v. *Zahn, supra,* p. 649.) That issue was obviously determined by the court solely on the basis of the Graser appraisal. There is no other evidence that would support the finding on that question. Since the issue of value was determinative of the law suit it was doubly important that the court's appraiser adhere to the stipulation of the parties in making his evaluation. The importance of this is emphasized by the fact that the plaintiff had no opportunity to cross-examine the appraiser. As pointed out in the opinion on the previous appeal (p. 649), "The stipulation is ambigu-

ous in some particulars," and one of those particulars is as to whether or not the parties intended to waive the right to cross-examine the court's expert. There is no express waiver of this right, but such waiver may perhaps be implied when the stipulation in its entirety is considered. However, it is a moral certainty that the parties would not have waived such right if they had anticipated that the provisions of the stipulation would not be carried out in all material respects. To allow an appraiser's evaluation, which is made in violation of a stipulation of the parties, to become the foundation of a judgment and to deprive the losing party of an opportunity to cross-examine such appraiser where such right is not clearly waived is to deny such party a fair trial. The opinion on the former appeal clearly supports this conclusion.

Defendant, however, contends that if the statements made by Cole to the appraiser were actually believed by the latter, the effect would have been to increase the value of the wells and thus should have helped rather than harmed the plaintiff. Whether or not Cole's statements were true and unbiased (which plaintiff disputes) and what effect they had on the appraiser, and to what extent they were reflected in his final evaluation, are questions of fact which we obviously cannot determine. These are matters which the plaintiff should unquestionably have the right to inquire into, particularly since the court's appraiser arrived at a value less than 40 per cent of that fixed by the defendant's own four expert witnesses.

The judgment is reversed.

Shinn, Acting P. J., and Wood (Parker), J., concurred.